UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AHMED BIN OMER,

    Plaintiff,

vs.                               Case No. 3:24-cv-138-MMH-LLL

AUDREY SCHAINKER and BATH
& BODY WORKS, INC.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendants' Supplemental Brief in Response to Jurisdictional Order (Doc. 10; Response), filed on February 29, 2024. On February 6, 2024, Defendants filed a Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida. See generally id. In the Notice, Defendants invoked this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, asserting that "the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." See Notice at 2. On February 9, 2024, the Court entered a Jurisdictional Order (Doc. 5; Order) inquiring into its subject matter

jurisdiction over this case. See generally id. In relevant part, the Court determined that Defendants had failed "to plausibly allege that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a)." Id. at 5. Specifically, the Court explained that the allegations in the Complaint (Doc. 3) "are too conclusory and lack specific supporting facts such that the Court can do no more than speculate or guess as to the amount in controversy." See id. And the Court found that Defendants' reliance on a civil cover sheet to establish the amount in controversy, without any additional facts, was insufficient. Id. Accordingly, the Court directed Defendants to "provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action." Id. at 6.[1]

On February 29, 2024, in an effort to comply with the Court's Order, Defendants filed the Response. In the Response, Defendants assert that the amount in controversy is satisfied based on a series of assumptions. See Response at 5-7. First, Defendants extrapolate from the vague allegations in the Complaint that Plaintiff is asserting some type of wrongful termination claim. See id. at 5. Next, Defendants assume that Plaintiff seeks all available types of damages for such a claim, including: "back pay; compensatory

---

[1] The Court also found that the Notice failed to adequately allege the citizenship of Plaintiff Ahmed Bin Omer and Defendant Audrey Schainker. See Order at 2. Upon review of the Response, the Court is satisfied that the parties are of diverse citizenship.

damagers [sic] for mental anguish, loss of dignity, and other intangible damages; and punitive damages." See id. at 5-6.[2] Defendants then contend that the amount in controversy is satisfied because Plaintiff earned an annual salary of $133,900 at the time his employment ended such that his lost earnings from the date of his termination through an estimated date of trial will exceed $75,000. See id. at 5-6; see also Declaration of Audrey Schainker (Doc. 10-1; Schainker Decl.) ¶ 5. In addition, Defendants point to Plaintiff's assertion that they are wrongfully withholding his separation payment and present evidence that the amount of that payment is $20,600. See Response at 6; see also Schainker Decl. ¶ 6.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests

---

[2] Defendants also cite the civil cover sheet that Plaintiff filed in state court as evidence that Plaintiff seeks punitive damages in this action, although no such demand is included in the Complaint. See Response at 6; see also Civil Cover Sheet (Doc. 1-3 at 3-4). Defendants' reliance on this reference to punitive damages and on "potential mental anguish and intangible compensatory damages" to supplement their damages calculation is unavailing. On the current record, the Court can do no more than speculate whether Plaintiff even seeks such damages, much less what a reasonable estimate of such damages may be.

the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Significantly, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754.[3]

Upon review, the Court finds Defendants' series of assumptions to be far too speculative to establish that the amount in controversy requirement is met in this case. To reach the jurisdictional threshold, Defendants primarily rely

---

[3] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

on an estimate of the back pay damages at issue in this litigation. However, upon review of the Complaint, it is not at all clear whether Plaintiff is seeking back pay. Plaintiff does not include any demand for damages in the Complaint and references only the allegedly withheld separation payment. See Complaint at 1. Significantly, the amount of the separation payment alone is well below the jurisdictional threshold. See Schainker Decl. ¶ 6. But even assuming Plaintiff is seeking back pay, the Court is not convinced that the amount in controversy at the time of removal reaches the jurisdictional threshold. See Pretka, 608 F.3d at 751 ("A court's analysis of the amount-in-controversy requirements focuses on how much is in controversy at the time of removal, not later.").

The allegations in the Complaint reflect that Plaintiff's termination occurred in early January of this year. See Complaint at 1; see also Notice at 6. Thus, at the time of the February 6, 2024 removal, Plaintiff had incurred only about $11,158.33 in lost pay, far below the $75,000 amount-in-controversy requirement. See Schainker Decl. ¶ 5; Notice at 6 (estimating that Plaintiff's salary was $11,158.33 per month at the time of his termination). Nevertheless, Defendants contend that the Court should also consider the back pay that may accrue following removal and through trial. See Notice at 5-6. Courts in the Middle District of Florida are divided on this issue. See Balkum v. Pier 1 Imports (U.S.), Inc., No. 6:17-cv-1299-Orl-37DCI, 2017 WL 3911560, at *2 n.2

(M.D. Fla. Sept. 7, 2017) (collecting cases). However, the undersigned has previously addressed the calculation of back pay for purposes of removal and determined that "[t]o project unmitigated back pay damages through a predicted future trial date would run afoul of Lowery's admonishment against speculation as to damages." See Williams v. Amerigas Propane, Inc., No. 3:09-cv-654-J-34JRK, 2010 WL 11507363, at *3 (M.D. Fla. Mar. 31, 2010) (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007)). Having reviewed the authorities cited in the Notice, as well as additional cases addressing this issue in the time since Williams, the Court remains convinced that calculating back pay based on an estimated future trial date is impermissible. The Court agrees with the analysis in Balkum that:

> consistent with the rule that the [amount in controversy] should be measured at the time of removal, this Court calculates back pay only through the date of removal and not through a later, speculative date. The fact that courts may use "deduction, inference, or other extrapolation" in determining the [amount in controversy] does not lend support for throwing a dart at a future trial calendar—assuming the case will actually be tried, or disregarding the almost certain evidence of mitigation of wage loss damages.

See Balkum, 2017 WL 3911560, at *2 (quoting Pretka, 608 F.3d at 753-54) (internal citation and footnote omitted); see also Walcott v. Ferrelgas, Inc., No. 6:21-cv-154-GAP-DCI, 2021 WL 3518204, at *1-2 (M.D. Fla. Mar. 8, 2021); Davis v. Tampa Ship, LLC, No. 8:14-cv-651-T-23MAP, 2014 WL 2441900, at *1-

2 (M.D. Fla. May 30, 2014).[4]  Thus, Defendants' projections on the amount of back pay that may accrue through trial cannot push this case across the jurisdictional threshold.  Absent any other non-speculative damages, the Court finds that Defendants have failed to meet their burden of establishing the Court's subject matter jurisdiction over this action and remand is required.  Accordingly, it is

**ORDERED:**

1. This case is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.[5]

2. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[5] In state court, Defendants can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure.  If, through such discovery, Defendants ascertain that the case is one which is or has become removable, Defendants may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

3. The Clerk of the Court is further **DIRECTED** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on March 5, 2024.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida